IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KRISTINA ENGLEBRECHT  
         Plaintiff,

v.

CLACKAMAS COUNTY,  
         Defendant.

CV. 05-665-PK

ORDER

PAPAK, Magistrate Judge:

      Plaintiff filed a Letter Motion for Protective Order (No. 33) on January 27, 2006, asserting that documents produced by Plaintiff's union representative in response to a subpoena are protected by the attorney-client privilege and/or the work product doctrine. Counsel for the Defendant agreed not to review the documents until this issue is resolved. The documents include: (1) handwritten notes taken by Plaintiff's union representative during a March 1, 2004, meeting with Plaintiff and her counsel; (2) an e-mail from the union representative to Plaintiff discussing a telephone conversation between Plaintiff's counsel and the representative; and (3) handwritten notes taken by the union representative in a March 5, 2004, telephone call with Plaintiff's counsel. Oral argument was held by telephone on January 31, 2006.

PAGE 1 - ORDER

"Because it impedes full and free discovery of the truth, the attorney-client privilege is strictly construed." *Weill v. Investment/Indicators, Research and Management, Inc.*, 647 F.2d 18, 24 (9th Cir. 1992) (citations omitted). The privilege generally does not extend to conversations between the attorney and the client in the presence of a third party, *United States v. Gann*, 732 F.2d 714, 723 (9th Cir.) *cert. denied*, 469 U.S. 1034 (1984), except where the third party is the client's agent or representative whose presence is necessary to facilitate communication with the attorney. *See In re Grand Jury Proceedings Under Seal*, 947 F.2d 1188, 1190-1191 (4th Cir. 1991); *United States v. Evans*, 113 F.3d 1457, 1462 (7th Cir. 1997). Here, the union representative was a fact witness and was not essential to the communication between Plaintiff and her counsel. Furthermore, at least two of the documents do not relate conversations directly between the attorney and the client. Thus, the attorney-client privilege does not protect the subpoenaed documents.

Neither is there protection under the work product doctrine. The work product doctrine protects materials prepared "by an attorney in anticipation of litigation." FRCP 26(b)(3); *see Hickman v. Taylor*, 329 U.S. 495, 511 (1947). The documents here were prepared by the union representative and not at the request of Plaintiff's attorney. Thus, they have no work product protection.

/ / / /

/ / / /

/ / / /

/ / / /

Page 2 - ORDER

For the reasons set forth above, IT IS ORDERED that Plaintiff's Motion for a Protective Order is DENIED.

Dated this 15th day of February, 2006.

/s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge